UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMIN JENKINS,<br>        Plaintiff,<br>    v.<br>DANIEL CANCILLA, et al.,<br>        Defendants. | Case No. 18-cv-04836-DMR<br><br>**ORDER SANCTIONING PLAINTIFF'S COUNSEL**<br>Re: Dkt. Nos. 35, 37 |

On October 31, 2018, defense counsel filed a unilateral case management conference statement explaining that "there has been no communication from plaintiff's counsel." [Docket No. 24.] On November 7, 2018, the court held the initial case management conference. Plaintiff's counsel Alieu Iscandari failed to appear. [Docket No. 28.] In response to an order to show cause, Mr. Iscandari explained that his non-appearance was "occasioned by a calendaring error." He apologized, and assured the court that he "will work towards making sure that this mistake does not reoccur." [Docket No. 30.] The court discharged the order to show cause based on Mr. Iscandari's representations to the court. [Docket No. 31.]

On January 10, 2019, the court issued a notice that the parties had failed to file a joint case management statement by the January 9 deadline. On January 16, 2019, Mr. Iscandari failed to appear at the rescheduled case management conference for the second consecutive time. The court learned from defense counsel that the joint case management conference statement had been delayed because Mr. Iscandari had yet again failed to participate in a timely manner. [Docket No. 36.] Another order to show cause ensued. [Docket No. 35.] This time, Mr. Iscandari explains that he failed to appear because he was suffering from bronchitis "that rendered me unable to speak above an audible whisper," and for which he sought treatment at Kaiser. On January 15, he left a voicemail for a colleague asking her to cover the court proceeding, but did not give her the

case number or courtroom. When she attempted to reach him, he was "unavailable." [Docket No. 37.] Mr. Iscandari offers no explanation for why he once again did not timely participate in the preparation of the joint case management statement, or why, if his voice was impaired, he could not simply email or text his colleague with the case information. Mr. Iscandari's pattern of behavior demonstrates a lack of diligence, and does not live up to his promise to "make sure" that this type of behavior did not happen again.

Mr. Iscandari's opposing counsel made two unnecessary court appearances solely as a result of Mr. Iscandari's conduct. Mr. Iscandari is sanctioned $250, payable within seven days to Clapp Moroney Vucinich Beeman Scheley, as partial reimbursement for attorneys' fees incurred in making those court appearances. Any further unprofessional conduct by Mr. Iscandari may result in his referral to the Court's Standing Committee on Professional Conduct.

**IT IS SO ORDERED.**

Dated: January 28, 2019



Donna M. Ryu
United States Magistrate Judge