M. ALIEU ISCANDARI (SBN 184307)
ISCANDARI & ASSOCIATES
303 Hegenberger Road Suite 311
Oakland CA 94621
Telephone: 510-606-9062

TIEGA-NOEL VARLACK (SBN 248203)
VARLACK LEGAL SERVICES
225 W. Winton Avenue, Suite 207
Hayward, CA 94544
TELEPHONE: 510.397.2008
FACSIMILE: 510 397.2997
e-mail: Tiega@varlacklegal.com

Attorney for Plaintiff
YASMIN JENKINS

JEFFREY M. VUCINICH (SBN 67906)
ELIZABETH D. RHODES (SBN 218480)
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone 650-989-5400
Facsimile: 650-989-5499

Attorney for Defendants EAST PALO ALTO POLICE OFFICERS
DANIEL CANCILLA AND ROBERT WEIGAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA –SAN FRANCISCO

| | |
|---|---|
| YASMIN JENKINS, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL CANCILLA et al.,<br><br>    Defendants. | Case No. C18-04836 DMR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      October 16, 2019<br>Time:     1:30 p.m.<br>Judge:    Mag. Judge Donna M. Ryu<br>Courtroom:  4, 4th floor (Oakland) |

1

**Joint Case Management Conference Statement**
**Case No. C18-04836 DMR**

Plaintiff YASMIN JENKINS and Defendants EAST PALO ALTO POLICE OFFICERS DANIEL CANCILLA and ROBERT WELGAND ("collectively known Defendants"), (collectively "Parties") submit this joint case management statement.

1. **Jurisdiction and Service**: Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1343. There are no issues regarding personal jurisdiction or venue. All parties have been served. A prior Case Management Hearing occurred, following on which a CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL (Doc. 46) was issued on February 21, 2019. Trial is set for February 3, 2020.

2. **Facts**:

   **Plaintiffs Facts**: On September 19, 2017 Plaintiff was walking on Weeks Street in East Palo Alto, CA when Defendants DANIEL CANCILLA and ROBERT WELGAND unlawfully detained Plaintiff throwing Plaintiff down to the ground, twisting and injuring her left shoulder -without probable cause-while trying to handcuff Plaintiff, who had not been resisting arrest.

   **Defendants Facts**: Plaintiff filed a state law tort claim alleging that she is owed $900, because she claims this was in her wallet. A government claim dated September 11, 2017, was filed by plaintiff which plaintiff related to her arrest on September 4, 2017, by Officer Cancilla and Office Weigand, for possession of a crack pipe. She testified that this was her only claim with respect to her arrest, not on September 19, 2017, but on September 4, 2017. She now claims now that Officer Cancilla - at some unknown and unspecified time not accurately stated in her complaint, and for which there is no evidence supporting her claim - along with another Latin officer whose first name is Robert – but who is not Robert Weigand, the named defendant, twisted her left arm while arresting her at some point in 2017, at an unknown time and location. She claims that this eventually caused a rotator cuff tear, based on her statement that she went to the doctor one year later, and reported to the Emergency Room doctors at Kaiser in Redwood City that a police officer threw her to

2

**Joint Case Management Conference Statement**
Case No. C18-04836 DMR

the ground one year ago, and "she feels like a lot of shoulder pain worsened after arm twisted behind her back by police officer." However, she does not know when this occurred. Despite the fact that all of police reports relating to her arrests over the course of years have been provided to her by defense counsel, there is no indication of when and where this incident allegedly occurred. No arrest occurred on September 19, 2019. The plaintiff's government tort claim does not list any personal injuries or claim that she suffered physical injuries of any kind.

Plaintiff's counsel previously informed the court that plaintiff would voluntarily produce whatever evidence he had of the plaintiff's claims and work to resolve the matter forthwith. The mediation was unsuccessful and there is no evidence that has been produced, other than medical records which are dated one year after the fact in which plaintiff claims her shoulder was hurt, to substantiate her claims.

Defendants mistakenly served discovery outside of the time frame for discovery to attempt to get answers from plaintiff and her counsel.

3. **Motions:** All motions must be heard by November 14, 2019. Defendants will request via administrative motion that the court permit the filing of a Rule 56 Motion for Summary Judgment to be filed immediately.

4. **Amendment of Pleadings**: N/A

5. **Evidence Preservation:** Plaintiff has preserved her medical records and treatment with medical health care professionals to date. Defendants have preserved their investigation files concerning the incident and produced all documents. There is no video documentation or other media, and in particular, plaintiff cannot establish where and when she is alleging she was hurt.

6. **Disclosures:** Both parties have made disclosures.

7. **Discovery:** Discovery closed on September 17, 2019. Expert discovery closed on October 15, 2019.

3

**Joint Case Management Conference Statement**
Case No. C18-04836 DMR

8. **Class Actions:** N/A

9. **Related Cases:** None

10. **Relief:**

11. **Plaintiffs Statement:**

    At a trial of the instant matter, Plaintiff will seek punitive damages, compensatory damages, expert witness fees reasonable attorney's fees pursuant to Title 42 U.S.C. 1988(b) and (c).

12. **Defendants' Statement:**

    Defendants will seek reasonable attorneys' fees pursuant to Title 42 U.S.C. section 1988 and California Code of Civil Procedure sections 1021.7 and 1038.

13. **Settlement and ADR:** The mediation of this matter set forth above did not result in resolution of the matter as stated above.

14. **Other References:** N/A

15. **Narrowing of Issues:** The issues have been narrowed as the complaint is now composed of non-*Monell* claims. There are no state law claims, as representation was made on the record that such claims are dismissed. All that remains are federal claims, which defendants believe are unstated due to lack of evidence or are otherwise protected by qualified immunity.

16. **Other Matters:** N/A

DATED: October 29, 2019                          ISCANDARI & ASSOCIATES

                                                 By:     /s/ M. Alieu Iscandari
                                                         M. Alieu Iscandari
                                                         Attorney for Plaintiff
                                                         YASMIN JENKINS

4

**Joint Case Management Conference Statement**
**Case No. C18-04836 DMR**

| | | |
|---|---|---|
| DATED:  October 29, 2019 | | VARLACK LEGAL SERVICES |
| | By: | */s/ Tiega-Noel Varlack*<br>Tiega-Noel Varlack<br>Attorney for Plaintiff<br>YASMIN JENKINS |
| DATED:  October 29, 2019 | | CLAPP, MORONEY, VUCINICH, BEEMAN SCHELEY, A PROFESSIONAL CORPORATION |
| | By: | */s/ Elizabeth D. Rhodes*<br>Jeffrey M. Vucinich<br>Elizabeth D. Rhodes<br>Attorneys for Defendants EAST PALO ALTO POLICE OFFICERS DANIEL CANCILLA and ROBERT WEIGAND |

5

**Joint Case Management Conference Statement**
**Case No. C18-04836 DMR**